**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF PUERTO RICO**

CARMEN DIAZ TEXIDOR

    Plaintiff

       v.

SUPERMERCADOS GRANDE, ET AL.

    Defendants.

CIVIL NO. 08-1789 (PG)

**ORDER**

As previously ruled (see Docket No. 72), the Court lacks jurisdiction to enforce the settlement agreement in this case. See F.A.C., Inc. v. Cooperativa de Seguros de Vida de P.R., 449 F.3d 185, 189 (1st Cir. 2006) ("The law is now settled that a federal court does not have inherent jurisdiction to enforce a settlement merely because it presided over the law suit that led to the settlement.")(citing Kokkonen v. Guardian Life Ins. Co. Of Am., 511 U.S. 375, 379-80 (1994)); see also Municipality of San Juan v. Rullan, 318 F.3d 26, 30 (1st Cir. 2003).  If the parties specifically agree and so request, the Court is authorized to embody the settlement contract in its dismissal order or to retain jurisdiction over the settlement contract pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii). "Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction." Kokkonen, 511 U.S. at 382.  Here there was no such action taken by the Court or requested by the parties, and there appears to be no independent basis for federal jurisdiction arising from a purported breach of the settlement agreement.  Enforcement of the settlement agreement, therefore, must lie in a breach of contract action in the local courts.

Civil No. 06-1096 (PG)                                                           Page 2

Plaintiff's attempt to reopen the case under Fed. R. Civ. P. 60(b) must also fail.  Plaintiff submits that, to this day, defendant Empresas Cordero Badilo ("ECB") "has purposely, knowingly and displaying gross neglect withheld payment for the stipulated amounts with a clear disregard to the District Court and to the rights of the Plaintiff." (Docket No. 73 at 2.)  Based on ECB's alleged bad faith tactics and failure to perform contractual obligations under the settlement agreement, Plaintiff requests that the Court's final judgment be vacated under Rule 60(b)(3) and (b)(6) such that she can try her case at trial, with the benefit and additional request of a lien or garnishment on property to secure a damage award.

The Court need not expend unnecessary judicial resources by delving into the circuit court split as to whether Plaintiff may obtain under Rule 60(b) the reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal. See Kokkonen, 511 U.S. at 378 (citing Kneeling v. Sheet Metal Workers Int'l Assn., 937 F.2d 408, 410 (9th Cir. 1991) (answering yes); Fairfax Countywide Citizens Assn. v. Fairfax County, 571 F.2d 1299, 1302-1303 (4th Cir. 1978) (yes); Sawka v. Healtheast, Inc., 989 F.3d 138, 140-41 (3rd Cir. 1993)(no); Harman v. Pauley, 678 F.2d 479, 480-81 (4th Cir. 1982) (no)).  For starters, Plaintiff made little effort to convince the Court that Rule 60(b) is a viable avenue for relief as she presented scant legal authority and no analysis as to why Defendant's conduct merits the reopening of the case under the standards elaborated by the case law.  Plaintiff, for example, set forth no evidence of fraud, misrepresentation, or misconduct by Defendant that falls within the language of clause (b)(3), beyond stipulating facts that make out a mere contractual breach by nonperformance.

Moreover, while the First Circuit has expressed no view on what side of the circuit split it would fall, the little authority it has voiced stands for

Civil No. 06-1096 (PG)                                                    Page 3

the proposition that a breach of a settlement agreement specifically incorporated into a court judgment "entitles the nonbreaching party to relief from the judgment under Rule 60(b)(6)." United States v. Baus, 834 F.2d 1114, 1124 (1st Cir. 1987). This is so, the court reasoned in Baus, because when a settlement agreement is made "under the eyes of the court, it is a most solemn undertaking, requiring the lawyers, as officers of the court, to make every reasonable effort to carry it through to a successful conclusion." Id. (citation and internal quotation marks omitted). "Material breach of such a solemn obligation presents an extraordinary situation of permitting a party to benefit from a judgment the terms of which it has deliberately disregarded." Id. This is clearly not the case here. The settlement agreement was not specifically incorporated into the judgment. There is no showing that adequate relief is not accessible to Plaintiff through a separate local court suit for breach of contract.

    The Court concludes by noting that it agrees with a narrow interpretation of Kokonnen, which finds that relying on Rule 60(b) to enforce a settlement agreement would circumvent the Supreme Court's holding that district courts lack enforcement jurisdiction absent specific language retaining such jurisdiction in the court's judgment. See, e.g., McAlpin v. Lexington 76 Auto Truck Stop, Inc., 229 F.3d 491, 503 (6th Cir. 2000) ("[A]ffirming the district court's reliance on Rule 60(b)(6) would create an exception to the holding in Kokonnen that would swallow the rule, giving the district court the type of broad enforcement jurisdiction that the Kokonnen Court reserved to courts that either specifically retain jurisdiction to enforce a settlement agreement or that expressly incorporate the terms of the agreement in a valid and enforceable order."); accord Limbright v. Hofmeister, 553 F. Supp. 2d 886, 893 (E.D. Mich. 2008) (distinguishing McAlpin by noting that "it is a different matter altogether where the injustice to be remedied is not the breach of the

Civil No. 06-1096 (PG)                                                    Page 4

settlement agreement, but rather the order of the dismissal itself.") In Baus as in Limbright, the court allowed the extraordinary remedy of a Rule 60(b) motion for relief from a final judgment where the facts involved the breach of a specifically incorporated and court-approved judgment. Such is not the case here.  The Court simply will not undo the finality of its judgment or exercise enforcement jurisdiction which it does not possess merely because of a breach of contract by nonperformance.  Litigants should be advised to carefully craft their stipulations of dismissal in order to avoid the situation they are forced to face here.


    **IT IS SO ORDERED AND ADJUDGED**.

    In San Juan, Puerto Rico, September 13, 2010.


    S/ JUAN M. PÉREZ-GIMÉNEZ
    JUAN M. PÉREZ-GIMÉNEZ
    UNITED STATES DISTRICT JUDGE